# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-60548
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2026

Lyle W. Cayce
Clerk

Jacob Emmanuel Flores-Mijango,

*Petitioner*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A240 987 032

———————————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jacob Emmanuel Flores-Mijango, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an Immigration Judge (IJ) ordering him removed and denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). His challenge

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60548

to the denial of asylum and withholding fails because he has not shown that the record compels a conclusion contrary to that of the BIA on the issues whether his proposed particular social groups of individuals with criminal history and deportees were overbroad, whether his anti-gang political opinion gave him protected status, and whether he may be considered a gang affiliate in El Salvador. *Rubio v. Bondi*, 147 F.4th 568, 581 (5th Cir. 2025); *Martinez-De Umana v. Garland*, 82 F.4th 303, 312 (5th Cir. 2023); *Jaco v. Garland*, 24 F.4th 395, 401, 406-07 (5th Cir. 2021); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Next, his challenge to his CAT claim fails because he cites nothing compelling a conclusion contrary to that of the BIA on the issue whether he will be tortured with official acquiescence if repatriated because he established neither that he will be imprisoned nor that imprisonment in El Salvador amounts to torture for CAT purposes. *Fuentes-Pineda v. Bondi*, 170 F.4th 914, 917-20 (5th Cir. 2026). Finally, his argument concerning the treatment of his evidence fails because it amounts to no more than a challenge to the agency's exercising its factfinding function. *See Martinez-De Umana v. Garland*, 82 F.4th 303, 313 (5th Cir. 2023). The petition for review is DENIED.